FILED
JANUARY 4, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 81

JUDGE DOW
MAGISTRATE JUDGE DENLOW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | | |
|---|---|---|
| OTIS HOLMES and MIGUEL HICKS | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) No. | |
| | ) | |
| TRIUMPH PACKAGING | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1.  This is a claim for relief under Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e- 2 and 3. Jurisdiction is posited upon Title 28 U.S.C. §1343(4).

2.  Defendant is an employer within the meaning of the Act. The conduct complained of occurred within this judicial district in Bolingbrook, Illinois.

### ADMINISTRATIVE PROCEDURES

3.  Before filing suit, each of the plaintiffs filed a charge of discrimination against the employer with the Illinois Department of Human Rights. The Equal Employment Opportunity Commission was notified of said charge. Within ninety days of this date, a right-to-sue letter from the Equal Employment Opportunity Commission was issued; and this suit has been timely filed within 90 days of receipt of said right-to-sue letter.

- 1 -

## STATEMENT OF CLAIM

### COUNT I

4. On or about February 16, 2007, plaintiff, MIGUEL HICKS, was discriminated against in the terms, conditions and privileges of his employment by defendant as a maintenance mechanic when he was maliciously discharged and retaliated against because of his race (Negroid), in violation of 42 U.S.C. 2000e-2(a)(1), when he reported to management that he had been called a "nigger" by a human resources representative, as more fully set forth in his attached charge of discrimination, Ex. A.

### PRAYER FOR RELIEF

5. Wherefore, plaintiff, MIGUEL HICKS, asks the court to enter judgment, upon the verdict of a jury, in his favor, and against the defendant, TRIUMPH PACKAGING, for all reasonable relief to which he may be entitled under 42 U.S.C. 1981a, §2000e-5(g) and (k), and 42 U.S.C. 1981a.

### COUNT II

6. On or about December 15, 2006, co-plaintiff, OTIS HOLMES, was discriminated against in the terms, conditions and privileges of his employment by defendant as a pressman when he was discharged because of his race (Negroid) in violation of 42 U.S.C. 2000e-2(a)(1), as more fully set forth in his attached charge of discrimination. Ex. B.

### PRAYER FOR RELIEF

7. Wherefore, co-plaintiff, OTIS HOLMES, asks the court to enter judgment, upon

the verdict of a jury, in his favor, and against the defendant, TRIUMPH PACKAGING, for all reasonable relief to which he may be entitled under 42 U.S.C. 1981a, §2000e-5(g) and (k), and 42 U.S.C. 1981a.

_____
ERNEST T. ROSSIELLO

ERNEST T. ROSSIELLO & ASSOCIATES, P.C.
134 North LaSalle Street, Suite 1330
Chicago, Illinois 60602
Telephone: (312) 346-8920
Telefax: (312) 346-5988

Attorney for Plaintiff

Dated: January 2, 2008
       Chicago, Illinois

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>440-2007-05740 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME (Indicate Mr. Ms. Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| (MR.) OTIS HOLMES | (630) 961-3174 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1155 Preserve Ave. # 104, | Naperville, IL 60564 | 07 / 05 / 1959 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (Include area code) |
|---|---|---|
| TRIUMPH PACKAGING GROUP | 101-200 | (630) 770-0990 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 515 W. Crossroad Pkwy. | Bolingbrook, IL 60440 | Cook |

| NAME | TELEPHONE (Include area code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>RACE DISCRIMINATION | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>12 / 15 / 2006<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

SEE ATTACHED.

RECEIVED EEOC
JUN 14 2007
CHICAGO DISTRICT OFFICE

Ernest T. Rossiello
Attorney at Law
134 North LaSalle St., #1330
Chicago, IL 60602-1137
(312) 346-8920

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS<br>MAY 10 2007<br>NOTARY SIGNATURE    MONTH DATE-YEAR |
|---|---|
| OFFICIAL SEAL<br>ERNEST T ROSSIELLO<br>NOTARY PUBLIC - STATE OF ILLINOIS<br>MY COMMISSION EXPIRES:03/03/11<br>NOTARY SEAL | X (signature)   MAY 10 2007<br>SIGNATURE OF COMPLAINANT    DATE<br>I declare under penalty that the foregoing is true and correct I swear or [affirm that I] have read the above charge and that it is true to the best of [my knowledge,] information and belief. |

PLAINTIFF'S EXHIBIT A

FORM 5 (5/05)

## STATEMENT OF PARTICULARS

Since about September, 2004, I have been employed by TRIUMPH PACKAGING in Bolingbrook IL as a second pressman. The main purpose of my concerns is the way I was treated as an employee by the Triumph owners and management personnel. They applied rules of favoritism to certain employees more than others. More particularly, the following events occurred:

1. FLAVIO LOPEZ (supervisor) of the pressroom tells all the Hispanic employees that he was going to fire all the blacks within the first two weeks, when he started. His reasons were that all black people are lazy and are not good. This was told to JOSE HERNANDEZ on October 28, 2004. FLAVIO was always giving me a hard time without reason.

1. One case in point is that FLAVIO constantly removed me from my dedicated duties as a 2nd pressman and told me to go and clean the warehouse floors and put another employee (his friends) in my position, while he made me do remedial work. He was trying to trying to pull up his own kind and get them trained before me. He would put another Feeder Operator or another pressman in my place. Whenever I questioned him he would lie and say "Oh we have customers at noon today or the next day".

2. August 29, 2005 I asked to have only Friday off because my son was having surgery. He stated this was okay, and so I also let MARY in HR know that I had permission. SCOTT WARD also knew of this. His exact words were "it's okay and if you need more time just let me or MARY—know". So I thanked SCOTT, and we shook hands. I did not think anything else about it after permission was granted.

1

3. SCOTT asked me directly on Sept 5 or 6th 2006 how things were going. I replied that things were not going so well because at that time, my wife's grandmother, (who raised her, so this is like her mother), has been diagnosed with cancer, and that she only would last 2 months.

4. On Nov 20, 2006 JOSE HERNANDEZ another employee is standing in front of the time clock and said "fuck you nigga", straight to my face. So I told SCOTT, and he talked to FLAVIO about the incident, and the next thing I knew FLAVIO calls me in to a conference room to discuss the issue. He said since we had an altercation, he needed to write us both up, even though I had witnesses to this event. My reply to this is that I did not say or do anything to provoke JOSE to say this to me. I was written up anyway, (I am not certain if JOSE was officially written up) but when FLAVIO asked me to sign it, I refused. I had no choice, and I told him to talk to my lawyer.

5. On Nov 3rd, 2006, I let my job know that I would need December 1, 2006 off due to my daughter graduation from boot camp for the military at Cape May New Jersey. I also had permission from FLAVIO to be off for that Friday. He granted it. I am not a person who has ever had a track record of not going to work, doing my job to the end, showing up late, or missing unnecessary days.

6. I worked with JOSE VASQUEZ on 2nd shift for 2 weeks during the last week of September, first week of October, 2006. During those two weeks, JOSE VASQUEZ would say to me "hurry clean, nigga, clean", instead of helping do his share of the cleaning. He was just going on and on all day; I walked away and went over to the press to perform other duties. He said it again "Clean nigga, clean". So I reacted by

2

just quickly swinging around the grease gun, and it slips from my hand in his direction, so he throws it back at me, but no one got hit by it. We were eight to ten feet apart. He goes and calls FLAVIO on the phone while FLAVIO was at home; so FLAVIO tells CHUCK, the 2nd shift foreman to send me home, but I never saw JOSE leave the building to go home. Afterwards, CHUCK said we both were going home until Monday, when we would talk about this Friday night incident. This was considered a one-day suspension.

7. ON MONDAY, we were called in to conference room. Present were SCOTT the owner, MARY, CHUCK, FLAVIO, JOSE VASQUEZ, and myself. JOSE VASQUEZ told everybody in the conference room in a rage using foul language, "hell no he don't want to work with me or take orders from me." He hit both of his fists on the table very hard.

8. I had witnesses at the time clock during the time he insulted me. JIM, FRANK, KBA crew guy RICHIE and others looked surprised he said this.

9. Then the next incident was a plot to get rid of me by moving me to the night shift (3rd shift) for no reason but to make me quit. FLAVIO had a meeting on June 28, 2006 with the pressroom while I was on one week's vacation and told them I was going to third shift or else. So, when I returned everybody knew about it but me, and FLAVIO never asked or brought it to my attention. Everything and every time we spoke or discussed any issues, I would find out that he always lied to me, and he would tell all the other employees what we discussed, because people were talking about my salary, something I only discussed with him. It was constant harassment.

3

As a result of the hostile work environment, I was made to feel so wholly unwelcome that I reluctantly was forced to resign my position on or about December 15, 2006. Because of the discrimination alleged, I have been embarrassed, humiliated, inconvenienced and economically harmed. I am requesting damages, any and all attorney's fees, and court costs. I also ask for reinstatement without reprisals and full back pay, plus interest.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the within and foregoing document was served upon the attorneys for respondent on the 18th of June, 2007 at their address of record via first class mail with proper postage fully pre-paid from the U.S. mail depository at 134 N. LaSalle Street, Suite 1330, Chicago, Illinois 60602.

ERNEST T. ROSSIELLO

— ADP —

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy act statement before completing this form.

*0 07W0418-1*

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2007CF2944 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

**NAME** (Indicate Mr. Ms. Mrs.): Mr. Miguel Hicks
**HOME TELEPHONE** (include area code): (630) 226-9519
**STREET ADDRESS**: 1424 LilyCache Ln
**CITY, STATE AND ZIP CODE**: BolingBrook, IL 60490
**DATE OF BIRTH**: 07/04/1958

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME**

**NAME**: Triumph Packaging
**NUMBER OF EMPLOYEES, MEMBERS 15+**: 15+
**TELEPHONE** (include area code): (630) 771-0900
**STREET ADDRESS**: 515 W. Crossroads Parkway
**CITY, STATE AND ZIP CODE**: BolingBrook, IL
**COUNTY**:

**CAUSE OF DISCRIMINATION BASED ON**: Race

**DATE OF DISCRIMINATION**: 2/16/04
**EARLIEST (ADEA/EPA) LATEST (ALL)**:
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed attach extra sheets):

See attached.

DEPT. OF HUMAN RIGHTS
INTAKE UNIT
APR 18 2007
RECEIVED
BY_____

Ernest T. Rossiello
Attorney at Law
134 North LaSalle St., #1330
Chicago, IL 60602-1137
(312) 346-8920

I also want this charge filed at EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME
MAR 2 – 2007
NOTARY SIGNATURE         MONTH DATE-YEAR

OFFICIAL SEAL
ERNEST T ROSSIELLO
NOTARY PUBLIC - STATE OF ILL
MY COMMISSION EXPIRES:03/

PLAINTIFF'S EXHIBIT B

SIGNATURE OF COMPLAINANT    DATE MAR 2 – 2007

under penalty that the foregoing is true and correct. I swear or that I have read the above charge and that it is true to the best of my knowledge, information and belief.

## STATEMENT OF PARTICULARS

1. Since about July 6, 2004 I have been employed by Triumph Packaging in Bolingbrook Il as a maintenance mechanic / electrician.

2. My most recent wage was $24.50 per hour.

3. Since I began my employment, I have had no work performance or other issue with the company until about February 1, 2007, when I was reprimanded by "BERNIE" (plant manager, formerly quality control manager).

4. On the Friday before Thanksgiving, 2006, I complained to the human resources department namely, to MARY BENNEWATE, that I had been called "nigger" by her sister-in-law, DANELLA BENNEWATE, who is employed at the company as a maintenance worker.

5. On another occasion, the day before, DANELLA made a reference to her skin being white, and to my skin being black. She did it in a denigrating manner. I am a member of the Negroid race.

6. I reported this inappropriate and hostile workplace behavior to Human Resources, namely to MARY BENNEWATTE.

7. MS. BENNEWATTE made short of my complaint, and stated to me that "its just where she (DANELLA) grew up in Bridgeport."

8. I then worked without incident through February. 1, 2007 when I called in sick one hour before my scheduled starting time. I had followed this same procedure on other occasions, since July 2004 when I began by employment with TRIUMPH.

1

9. Nonetheless, my boss "BERNIE" asked me why I had called in the office, and stated that, from that day forward, I was to call him personally on his cell phone whenever I was ill.

10. I felt this was unusual and not company practice. I was never required to do that before, and no one else was required to do that.

11. Between February 1, 2007 and the day of my discharge February 16, 2007, "BERNIE" harassed me, avoided me and gave me the cold shoulder such that I was treated like I was a problem employee.

12. About February, 16, 2007, at about 2:30 P.M., a Friday, I was terminated by "BERNIE" for the pretextual reason that I did not work on a particular "gluing" machine, when in fact I had worked on that machine.

13. "BERNIE" simply stated that I was "fired" and would not let me explain that I had in fact worked on that machine that day.

14. I believe I have been arbitrarily discriminated against and retaliated against because of my race and color, and because I made a complaint about DANELLA BENNEWATTE, making racial slurs at work; and because DANELLA was a relative of MARY BENNEWATTE.

15. As a result of my discharge, I have been embarrassed, inconvenienced, humiliated and economically harmed.

16. I would like reinstatement to my former position, all back pay lost and my attorney's fees paid, in addition to other compensation allowed by law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the within and foregoing document was served by first class mail on the 18th day of April, 2007 before 5:00 P.M., upon the respondent at their address of record.

ERNEST T. ROSSIELLO

Ernest T. Rossiello
& Associates, P.C.
134 North LaSalle Street, Suite 1330
Chicago, Illinois, 60602
(312) 346-8920

Attorney for Complainant

3